## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDENBORN OFFICE OWNERS**
**CONDOMINIUM ASSOCIATION,**                         **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                           **NO. 23-3546**

**CERTAIN UNDERWRITERS**
**AT LLOYD'S LONDON ET AL.,**                        **SECTION: "E" (4)**
    **Defendants**

## ORDER AND REASONS

Before the Court is a motion to compel arbitration and stay the case or, alternatively, dismiss the proceeding, filed by Defendants Certain Underwriters at Lloyd's London Subscribing to Binding Authority No. B604510568622021 ("Defendants").[1] Plaintiff Edenborn Office Owners Condominium Assocation ("Edenborn") filed an opposition.[2] Defendants filed a reply.[3] For the following reasons, Defendants' motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arose out of an insurance coverage dispute between Plaintiff and Defendants following Hurricane Ida in 2021.[4] Plaintiff brought suit in the 24th Judicial District for the Parish of Jefferson on June 30, 2023 for breach of contract and damages.[5] Defendants removed the action to this Court on August 17, 2023.[6] On October 25, 2023, Defendants filed the instant motion to compel arbitration.[7]

---

[1] R. Doc. 14.
[2] R. Doc. 17.
[3] R. Doc. 26.
[4] R. Doc. 1-1 at 1-2.
[5] R. Doc. 1-1.
[6] R. Doc. 1.
[7] R. Doc. 14.

## LEGAL STANDARD

"Arbitration is a substitute for litigation whose purpose is to settle the parties' differences in a fast, inexpensive manner and in a tribunal chosen by them."[8]

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") requires American courts to enforce arbitration clauses if: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen."[9]

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements.[10] "When a party to a lawsuit claims that the matter is subject to arbitration, it must be determined whether there is a valid agreement to arbitrate between the parties and whether the dispute falls within the scope of the arbitration agreement."[11]

"As a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[12] Under Louisiana law, arbitration agreements in insurance policies covering property within the state are generally prohibited.[13] Louisiana Revised Statute 22:868 provides in part:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:

   (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.

---

[8] *Hanlon v. Monsanto Ag Prod., LLC,* 124 So. 3d 535, 539 (La. Ct. App. 2 Cir. 10/9/13) (citing *Tubbs Rice Dryers, Inc. v. Martin,* 33 So.3d 926 (La. Ct. App. 2 Cir. 2010)).
[9] *Freudensprung v. Offshore Tech. Servs.,* 379 F.3d. 327, 339 (5th Cir. 2004).
[10] 9 U.S.C. § 1, *et seq.*
[11] *Hanlon,* 124 So. 3d at 539.
[12] *Iberia Credit Burea, Inc. v. Cingular Wireless LLC,* 379 F.3d 159, 166 (5th Cir. 2004).
[13] LA. REV. STAT. § 22:868(A)(2).

> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.
>
> ....
>
> D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.[14]

The policy forms of surplus line insurers are not subject to approval by the Department of Insurance.[15]

"While the [FAA], 9 U.S.C. § 1, *et seq.*, codifies the national policy favoring arbitration and generally preempts state laws which 'contradict the purpose of the FAA by requir[ing] a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration,' under the McCarran-Ferguson Act, state laws regulating insurance are shielded from the preemptive effect of federal law."[16] Thus, pursuant to the McCarran-Ferguson Act,[17] La. R.S. 22:868 is not preempted by the FAA.[18]

## LAW AND ANALYSIS

Defendants seek to compel arbitration under the Convention and the FAA, which they argue govern this dispute.[19]  Defendants also contend a stay of these proceedings pending arbitration is mandatory, although the Court may instead dismiss the case in favor of arbitration.[20]  Plaintiff argues the arbitration agreement is invalid because it is adhesionary, ambiguous, against public policy, and/or because Louisiana law preempts

---

[14] La. Rev. Stat. § 22:868.
[15] La. Rev. Stat. § 22:446(a).
[16] *Bourgeois v. Indep. Specialty Ins. Co.*, No. CV 22-1256, 2023 WL 6644171 at *1 (E.D. La. Oct. 12, 2023). (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 338 n. 7 (5th Cir. 2004)).
[17] 15 U.S.C. §§ 1011, 1012.
[18] *See, e.g., Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490 (5th Cir. 2006).
[19] R. Doc. 14-1 at 1-2.
[20] *Id.*

federal law governing arbitration clauses.[21] In the alternative, Plaintiff argues the foreign insurer Defendants should be dismissed, and Plaintiff should be allowed to pursue its claims against the domestic insurer, Independent Specialty Insurance Company ("ISIC").[22] Plaintiff claims since ISIC is a domestic insurer, Plaintiff cannot be compelled to arbitrate its remaining claims against this Defendant under the Convention.[23]

"'The Supreme Court has recognized generally 'the strong federal policy in favor of enforcing arbitration agreements,' and that this federal policy favoring arbitration 'applies with special force in the field of international commerce.'"[24] Specifically, "the Supreme Court has recognized that:

> the goal of the Convention, and the principal purpose underlying American adopting and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitration are observed and arbitral awards are enforced in the signatory countries."[25]

The FAA "provides two causes of action in federal court for a party seeking to enforce arbitration agreements covered by the Convention."[26] First, the FAA provides "an action to compel arbitration in accord with the terms of the agreement, 9 U.S.C. § 206."[27] Second, after arbitration has concluded, the FAA provides "an action to confirm an arbitral award made pursuant to an arbitration agreement, 9 U.S.C. § 207."[28] "The Convention contains separate defenses that correspond to each of these two stages of

---

[21] R. Doc. 17.
[22] *Id*. at 30-32.
[23] *Id*. at 32.
[24] *Simon v. Princess Cruise Lines, Ltd.*, NO. G-13-0444, 2014 WL 12617820, at *2 (S.D. Tex. May 19, 2014) (first quoting *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002)), then quoting *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1986)).
[25] *Id*. (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 517 n.10 (1974)).
[26] *Id*. at *3.
[27] *Id*.
[28] *Id*.

enforcement."[29] The current stage of this litigation is the first stage—an action to compel arbitration.

With respect to the first cause of action, the Court must consider: (1) whether the Convention requires the Court to enforce the arbitration clause; and (2) whether there is an applicable defense to the enforcement of the arbitration clause. The Court will address each in turn.

## I.  The Convention requires enforcement of the Arbitration Clause.

"The Convention requires a district court to order arbitration if an international arbitration clause falls within the Convention's coverage."[30] "Indeed, the Convention 'contemplates a very limited inquiry by courts when considering a motion to compel arbitration.'"[31] The Convention requires American courts to enforce arbitration clauses if: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen."[32]

In this case, all four requirements are satisfied. First, there is a policy issued by the Defendants between the parties that requires arbitration "of all matters in dispute . . . in relation to this insurance."[33]  Therefore, there is a written agreement to arbitrate the matter.

Second, the agreement provides for arbitration in a Convention signatory nation. In this case, the agreement reads, "[a]ny Arbitration hearing shall take place in Nashville,

---

[29] *Rhone Mediterranee Compagnia Francese Di Assicurazioni E Riassicurazoni v. Lauro*, 712 F.2d 50, 53 (3d Cir. 1983).
[30] *Simon*, No. G-13-0444, 2014 WL 12617820, at *2 (collecting cases).
[31] *Id.* (quoting *Francisco*, 293 F.3d at 273).
[32] *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d. 327, 339 (5th Cir. 2004).
[33] R. Doc. 14-1 at 4.

Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal."[34] Thus, the second criterion is fulfilled, as Tennessee is located in the United States, a signatory nation to the Convention.

The agreement also satisfies the third prong, as it "arises out of a commercial legal relationship"—a contract for insurance coverage.[35]  Likewise, the agreement fulfills the last prong of the test, as two insurers, RenaissanceRe Corporate Capital (UK) Limited ("RenRe UK") and RenaissanceRe Specialty U.S. LTD ("RenRe U.S."), are not American citizens.[36]

If these four criteria are satisfied, "[c]ourts are required to 'rigorously enforce arbitration agreements according to their terms,'" and "individuals seeking to avoid the enforcement of an arbitration agreement face a high bar."[37] When the four factors required for the Convention are satisfied, "the Court is required to compel arbitration unless the Arbitration Agreement is 'null and void, inoperative or incapable of being performed,'"—referred to as the "null and void" clause.[38] Because all four requirements are met, the Court must enforce the arbitration clause and compel arbitration, unless the "null and void" clause provides a valid defense.

## II. There is not an applicable defense to arbitration under Article II of the Convention.

Plaintiff argues the arbitration agreement is not enforceable under the Convention because it is adhesionary, ambiguous, against public policy and/or null and void because

---

[34] R. Doc. 14-1 at 5.
[35] *See generally id.*
[36] Id. at 9.
[37] *Freudensprung*, 379 F.3d at 327 (first quoting *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013), and then quoting *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 907 (5th Cir. 2005)).
[38] *Simon*, No. G-13-0444, 2014 WL 12617820, at *3.

Louisiana law preempts federal law governing arbitration clauses.[39] Pursuant to the Convention, most of Plaintiff's defenses are not properly before the Court at this time and the last is unpersuasive to the Court.

As discussed above, the FAA provides two causes of action for a party seeking to enforce arbitration agreements covered by the Convention: first, an action to compel arbitration, and second, an action to enforce the arbitration award.[40] At this first stage of litigation—the action to compel arbitration—Article II of the Convention provides the "null and void" clause as the only defense to arbitration.[41] "The Convention's 'null and void' clause limits the bases upon which an international arbitration agreement may be challenged to standard breach-of-contract defenses."[42] "The 'null and void' language must be read narrowly, for the signatory nations have jointly declared a general policy of enforceability of agreements to arbitrate."[43] "In other words, signatory nations have effectively declared a joint policy that presumes the enforceability of agreements to arbitrate."[44] Accordingly, "[t]he limited scope of the Convention's null and void clause 'must be interpreted to encompass only those situations—such as fraud, mistake, duress, and waiver—that can be applied neutrally on an international scale.'"[45]

We are in the first stage of litigation—the action to compel arbitration—and thus, the null and void clause of the Convention is the only defense available to Plaintiff. Plaintiff raises several defenses to the enforcement of the arbitration provision.

---

[39] R. Doc. 17.
[40] *Simon*, No. G-13-0444, 2014 WL 12617820, at *3.
[41] *Id.*
[42] *Id.* (quoting *Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005)).
[43] *Rhone*, 712 F.2d at 53.
[44] *Id.* at 54.
[45] *Simon*, No. G-13-0444, 2014 WL 12617820, at *3 (quoting *Bautista v*, 396 F.3d at 1302).

Only one of Plaintiff's defenses reasonably falls within the limited scope of the Convention's null and void clause, which allows for defenses only on the basis of such "neutral" situations as fraud, mistake, duress, and waiver.[46] To wit, Plaintiff argues La. R.S. § 22:868(A)(2) prohibits enforcement of arbitration clauses in insurance contracts and preempts federal law to the contrary through the McCarran-Ferguson Act.[47] However, the Fifth Circuit has rejected the premise that a treaty, such as the Convention, may be preempted by state law through the McCarran-Ferguson Act.[48] In fact, in *Safety Nat. Cas. Corp. v. Certain Underwriters at Lloyd's, London*, the Fifth Circuit specifically held that "Congress did not intend the term 'Act of Congress,' as used in the McCarran-Ferguson Act, to reach a treaty such as the Convention."[49] Accordingly, Louisiana law does not render the arbitration clause, which is valid under the Convention, null and void. Even if Louisiana law did preempt the Convention, this Court has recently held La. R.S. §22:868(D) provides an exception to the prohibition on arbitration clauses to "surplus lines" insurers, such as Defendants in this case.[50] A complete discussion of the Court's reasoning on this issue may be found in *Cornerstone Assoc. v. Indep. Specialty Ins. Co.*, No. CV 23-2478, R. Doc. 27 (E.D. La. 11/29/23).

Plaintiff's remaining defenses do not reasonably fall with the limited scope of the Convention's null and void clause, and as a result cannot be raised at this stage of the litigation. First, Plaintiff argues the arbitration provision is adhesionary because its inclusion in the contract was unilateral, the physical characteristics of the clause did not

---

[46] *Simon*, No. G-13-0444, 2014 WL 12617820, at *3 (quoting *Bautista v*, 396 F.3d at 1302).
[47] R. Doc. 17 at 8-11.
[48] 587 F.3d 714, 722-23 (5th Cir. 2009).
[49] *Id*. at 724.
[50] *Cornerstone Assoc. v. Indep. Specialty Ins. Co.*, No. CV 23-2478, R. Doc. 27 (E.D. La. 11/29/23).

provide sufficient visual notice, the clause had no distinguishing features, and Plaintiff had no bargaining strength.[51]

     The United States Court of Appeals for the Eleventh Circuit has held that arguments that an arbitration clause is not valid based on the alleged unequal bargaining power of the parties to the agreement are not properly raised under Article II's "null and void" clause, because it cannot be applied neutrally on an international scale.[52] In *Bautista v. Star Cruises*, the Eleventh Circuit concluded " [i]t is doubtful that there exists a precise, universal definition of the unequal bargaining power defense that may be applied effectively across the range of countries that are parties to the Convention, and absent any indication to the contrary, we decline to formulate one."[53] On this basis, the Court found that unequal bargaining power defenses were not properly raised under the "null and void" clause.[54] Because the United States Court of Appeals for the Fifth Circuit has not yet considered the issue, the Court finds the Eleventh's Circuit's decision in *Bautista* highly persuasive in the instant matter.[55]

     Moreover, the Court finds Plaintiff's remaining arguments regarding adhesion lack merit. In determining whether a contract is so adhesionary as to be unenforceable, courts in Louisiana consider the following facts: "(1) the physical characteristics of the clause; (2) the distinguishing features of the clause; (3) the mutuality of the clause, in terms of

---

[51] R. Doc. 17 at 19-25.

[52] *Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005).

[53] *Id.*

[54] *Id.*

[55] *See also Estibiero v. Carnival Corp.*, No. 12-22713, 2012 WL 4718978, at *5 (S.D. Fla. Oct. 3, 2012)(rejecting plaintiff's defense of unconscionability on the basis of unequal bargaining power because it is procedurally barred); *Escobal v. Celebration Cruise Operator, Inc.*, No. 11-21791-CV-UNGARO, 2011 WL 13175628, at *3 (S.D. Fla. June 23, 2011) (collecting cases rejecting unequal bargaining power arguments on the basis that the plaintiffs failed to establish that such an affirmative defense exists under the Convention).

the relative burdens and advantages; and (4) the relative bargaining strength of the parties."[56] Courts in the Fifth Circuit have consistently rejected the argument that an arbitration clause contained in an insurance contracts like the one in this case is so adhesionary as to serve as a defense to arbitration under the Convention.[57] Such is the case here. The clause is "consistent visually with the provisions before it."[58] Moreover, the clause is mutual, requiring arbitration of all claims "between you and us," not just those by the insurer.[59] Accordingly, the Court finds Plaintiff's adhesion arguments lack merit.

Second, Plaintiff argues the arbitration agreement is ambiguous because the Policy also includes a Service of Suit Clause providing the "insurer will submit to a Court of competent jurisdiction" and/or because the arbitration clause was contained with the "Property Loss Conditions" section of the Policy rather than the "Policy Conditions" section. However, a defense that the arbitration clause is invalid due to ambiguity is not properly raised at this stage under Article II.[60] Even if the defense were properly raised, any question of which issues should be resolved by arbitration should be determined by the arbitration panel.[61]

[56] *Aguillard v. Auction Mgmt. Corp.*, 908 So. 2d 1, 9 (La. 2005).
[57] *Thumbs Up Race Six, LLC v. Indep. Specialty Ins. Co.*, No. 22-2671, 2023 WL 4235565, at *3-4 (E.D. La. June 28, 2023); *Stor-All Genentilly Woods, LLC v. Indian Harbor Ins. Co.*, No. 23-334, 2023 WL 2585982, at *2 (E.D. La. Mar. 21, 2023*); Tra-Dor Inc. v. Underwriters at Lloyd's London*, No. 2:21-CV-02997, 2022 WL 3148980 (W.D. La. July 25, 2022); *Glad Tidings Assembly of God Church of Lake Charles v. Indian Harbor Ins. Co.*, No. 2:21-CV-01009, 2021 WL 2676963, at *2 (W.D. La. June 29, 2021); *Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 20-102-JWD-SDJ, 2021 WL 359735 (M.D. La Feb. 2, 2021).
[58] R. Doc. 17 at 20.
[59] *Id.* at 24.
[60] *See OJSC Ukrnafta v. Carpastsky Petroleum Corp.*, 957 F.3d 487, 497 (5th Cir. 2020) (holding Article V "allows a court to deny recognition when the parties to the arbitration agreement were, 'under the law applicable to them, under some incapacity, or the said agreement is not valid'") ("Article V(1)(a) extends broadly to all issues concerning the validity of [the agreement] . . . including issues of capacity, existence, and validity").
[61] *See STMB Properties, LLC v. Certain Underwriters at Lloyd's London*, No. CV 22-2229, 2022 WL 3924313 at *2  (E.D. La. Aug. 31, 2022) ("Considering Fifth Circuit caselaw, this Court agrees with the defendant that the delegation clause's broad language weighs in favor of referring the question of whether statutory penalties and fees are arbitrable to the Arbitration Tribunal."); *5556 Gasmer Mgmt. LLC v.*

Finally, Plaintiff argues the arbitration provision is against the public policy of Louisiana because Louisiana law generally prohibits arbitration agreements in insurance policies governing property within the state.[62] Applicable at the award-enforcement stage only—the second cause of action provided for by the FAA—Article V of the Convention provides a list of seven defenses courts may consider when deciding whether to enforce such an award.[63] Raised by Plaintiff in this case, one of these seven defenses is the "public policy" defense, a clause that "allows a court to refuse recognition and enforcement of an arbitral award if 'recognition or enforcement of the award would be contrary to the public policy' of the country in which enforcement is sought."[64] Because defenses on the basis of public policy are explicitly provided for under Article V, not Article II, to be considered by the Court at the award enforcement stage, Plaintiff's argument is premature.[65] Moreover, as discussed above, this Court has recently held that La. R.S. 22: 868(D) provides an exception to the prohibition on arbitration clauses to "surplus lines" insurers, such as Defendants in this case.[66] As such, enforcement of the arbitration clause in this case does not violate Louisiana public policy.

Accordingly, Plaintiff's defenses do not overcome enforcement of the arbitration clause under the Convention.

---

*Underwriters at Lloyd's, London*, 463 F. Supp. 3d 785, 790 (S.D. Tex. 2020) ("This Court agrees that all means just that—all"). Plaintiff argues that its claims for bad faith should be severed from any claims capable of arbitration because the arbitration agreement excepts itself from claims for exemplary or punitive damages. (R. Doc. 17 at 29). The Court is not persuaded by this argument, which lacks support, and instead finds the arbitration panel should determine which, if any, claims are exempt from arbitration.
[62] R. Doc. 52 at p. 8.
[63] *Simon*, No. G-13-0444, 2014 WL 12617820, at *3.
[64] *Id*. (quoting Convention, art. V(2)).
[65] *Id*.
[66] *Cornerstone Assoc. v. Indep. Specialty Ins. Co.*, No. CV 23-2478, R. Doc. 27 (E.D. La. 11/29/23).

**III.    Plaintiff's request to dismiss the foreign insurers is not properly before the Court at this time, and, regardless, would not impact the Court's decision to compel arbitration.**

Plaintiff seeks to dismiss Certain Underwriters Defendants, leaving only one domestic insurer, Independent Specialty Insurance Company, as a defendant, if the Court grants the Motion to Compel.[67] Plaintiff argues that the domestic insurer would not be subject to the Convention's mandatory enforcement of the arbitration clause.[68]

However, Plaintiff's opposition to the Motion to Compel Arbitration is not the proper procedural vehicle for seeking dismissal of the Certain Underwriters Defendants. Even if it were, Plaintiff has not established that Certain Underwriters' counterclaim, seeking a declaration that the arbitration provision is enforceable, could remain pending for independent adjudication, pursuant to Rule 41.[69]

Moreover, Plaintiff's claims against the domestic insurer would also be subject to arbitration. As discussed above, this Court has recently held that La. R.S. 22: 868(D) provides an exception to the prohibition on arbitration clauses to "surplus lines" insurers, such as the domestic insurer in this case.[70] Therefore, even if the Convention did not apply to the domestic insurer, arbitration would still be required through application of the FAA and/or Louisiana law.

**IV.    Defendants' request for a stay is granted.**

Finally, Defendants ask the Court to stay the action pending arbitration or in the alternative, dismiss the suit.[71]  Pursuant to the FAA, when referred to arbitration, the court in which the suit is pending "shall be on application of one of the parties stay the

---

[67] R. Doc. 17 at 30-32.
[68] *Id.*
[69] FED. R. CIV. P. 41(1)(2).
[70] *Cornerstone Assoc. v. Indep. Specialty Ins. Co.*, No. CV 23-2478, R. Doc. 27 (E.D. La. 11/29/23).
[71] R. Doc. 45 at p. 1.

trial of the action until such arbitration has been had in accordance with the terms of the agreement."[72]  Accordingly, Defendants' request for a stay is granted.

### CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Compel Arbitration and Stay Pending Arbitration[73] is **GRANTED**.

The Clerk of Court shall **STAY AND ADMINISTRATIVELY CLOSE** this case, to be reopened, if necessary and upon written motion by a party, after arbitration is completed.

**New Orleans, Louisiana, this 29th day of November, 2023.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[72] 9 U.S.C. § 3.
[73] R. Doc. 45.